IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GRACE DOROSZ, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.               Case No. 5:19-cv-1381

**CITICORP CREDIT SERVICES, INC. (USA)**     **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Grace Dorosz ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Merideth McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant Citicorp Credit Services, Inc. (USA) ("Defendant"), states and alleges as follows:

### I.     INTRODUCTION

1. This is a collective action bought by Plaintiff, individually and on behalf of other hourly-paid call center workers employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff, on behalf of herself and all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff

and all others similarly situated worked in excess of forty (40) per workweek, as well as Defendant's failure to pay Plaintiff minimum wages for all hours worked through forty (40) hours per week.

## II.  JURISDICTION

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

5. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

6. Plaintiff is an individual and resident of the State of Texas.

7. Defendant is a foreign, for-profit corporation registered and licensed to do business in the State of Texas.

8. Defendant owns and operates a credit services company that, relevant to the current lawsuit, provides customer service to current, former and potential customers in the United States. In order to accomplish this, Defendant employs hourly-paid workers to work in its call centers.

9. Defendant's agent for service of process is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint.

11. During each of the three years preceding the filing of the Original Complaint, Defendant had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as office equipment and telephone equipment.

12. Defendant was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the class, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

### IV.     FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. At all relevant times herein, Defendant was the "employer" of Plaintiff and others similarly situated within the meaning of the FLSA.

15. During part of the three (3) years prior to the filing of Plaintiff's Original Complaint, Plaintiff worked for Defendant as a customer service representative, particularly a Fraud Operations Specialist 3, in Defendant's call center facility in San Antonio, Texas.

16. Plaintiff was employed by Defendant from approximately May 6, 2019, until July 31, 2019.

12. At all relevant times herein, Defendant directly hired Plaintiff and other customer service representatives to work in its call centers, paid them an hourly wage, controlled their work schedules, duties, protocols, applications, assignments and employment conditions and kept at least some records regarding their employment.

13. Defendant classified Plaintiff and others similarly situated as non-exempt from the overtime requirements of the FLSA and paid them an hourly rate.

14. Plaintiff's job duties, and the job duties of all other similarly situated employees, included but were not limited to, fielding phone calls from Defendant's customers regarding Defendant's credit services.

15. Plaintiff and other similarly situated employees recorded their hours worked via a computer time clock, which logged their hours into a payroll system maintained by Defendant.

16. Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week for Defendant.

17. Defendant scheduled Plaintiff and other similarly situated employees to work shifts of at least forty (40) hours per week.

18. At all relevant times herein, Defendant failed to accurately record all of the time worked by Plaintiff and others similarly situated and failed to properly compensate them for all hours worked.

19. At all relevant times herein pursuant to Defendant's common practice, Plaintiff and the others were/are required to work off the clock, including but not limited to, reporting to work, computer and software boot-up, program loading, preparation for

taking customer calls, completing paperwork and performing general office project tasks and maintenance.

20. Plaintiff and other similarly situated employees were required to arrive to work between ten (10) and fifteen (15) minutes before their scheduled shift start times in order to start their computers and all necessary software programs prior to their scheduled start times. This occurred on a daily basis, yet this pre-shift work time was not recorded by Defendant and Plaintiff and others similarly situated were not compensated for the same.

21. Plaintiff was required to stay five (5) to ten (10) minutes after the end of her scheduled shift on most workdays in order to finish making calls to customers and shutting down Defendant's computer systems, or post-shift work, yet Defendant specifically instructed Plaintiff not to submit that time for payment. This is true for other similarly situated employees as well.

22. Plaintiff and other similarly situated employees were required to follow Defendant's policies on recording time.

23. As a result, Defendant failed to accurately record all of the time worked off-the-clock by Plaintiff and others similarly situated and failed to properly compensate all of the off the clock hours.

24. As such, there was a disparity between Defendant's records and the actual hours worked by Plaintiffs and those similarly situated.

25. In all, Plaintiff and those similarly situated worked up to five hours each week for Defendant for which they were not compensated.

26.　In addition to the claims on behalf of the class, Plaintiff was subject to Defendant's actions that deprived her of minimum wage and overtime pay under the FLSA.

27.　Between July 4 and July 16, 2019, Plaintiff worked approximately 43 hours per week.

28.　Despite working in excess of 43 hours per week between July 4 and July 16, 2019, Defendant identified Plaintiff as having been absent on leave under the Family and Medical Leave Act of 1993 (FMLA) and failed to pay her for her hours worked.

29.　As a result of incorrectly labeling Plaintiff's hours as FMLA leave, Defendant failed to pay Plaintiff minimum and overtime wages as required by the FLSA.

30.　Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and the others violated the FLSA.

## V.　REPRESENTATIVE ACTION ALLEGATIONS

31.　Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

32.　Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated hourly-paid call center workers at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

　　A.　Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week; and

B.      Liquidated damages;

C.      The costs of this action, including attorney's fees.

33.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will file her Consent to Join this lawsuit.

34.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

35.     The proposed collective of opt-in Plaintiff in this case is defined as all persons who meet the following requirements:

A.      They were employed by Defendant as hourly-paid call center workers; and

B.      They were required to perform work off the clock and denied the proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

36.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A.      Defendant's uniform practice of requiring class members to work in excess of forty (40) per week;

B.      Defendant's uniform practice of requiring class members to perform work while off-the-clock; and

C.      Defendant's failure to pay class members overtime compensation for all hours worked over forty (40) per week in violation of the FLSA, 29 U.S.C. § 201 et seq.

37.     Because other hourly workers are similarly situated to Plaintiffs, and are owed overtime for the same reasons, a proper definition of the class is as follows:

**Each hourly-paid call-center worker within the three years preceding the filing of this Original Complaint.**

38. Plaintiff is unable to state the exact number of the collective but believes that the collective is not less than one hundred (100) persons.

39. Defendant can readily identify the members of the Section 16(b) collective, which encompasses all hourly-paid call center workers.

40. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

41. The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

42. In addition, and in the alternative, Plaintiff brings this action in her individual and personal capacity, separate and apart from the class claims set forth herein.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45.     At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48.     At all times Plaintiff has been entitled to the minimum wage and overtime protections of the FLSA.

49.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

50.     In addition, for the time period between July 4 and July 16, 2019, Defendant failed to pay Plaintiff minimum and overtime wages as required by the FLSA.

51.     Defendant's failure to pay Plaintiff all wages owed was willful.

52.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

53.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54.     Plaintiff, individually and on behalf of all others similarly situated, assert this claim for damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.     At all relevant times, Defendant has been an "employer" of Plaintiff and all others similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

56.     Defendant classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA when they worked as hourly-paid call center workers for Defendant.

57.     Despite the entitlement of Plaintiff and the others to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5 times their regular rates of pay for all hours worked over forty (40) in each one-week period.

58.     Because these employees are similarly situated to Plaintiff, and are owed wages for the same reasons, the proposed collective is properly defined as follows:

> **Each hourly-paid call center worker within the three years preceding the filing of this Original Complaint.**

59.     Defendant willfully failed to pay all wages to Plaintiff and all others similarly situated.

60.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the others for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Original Complaint.

## VIII. WILLFULNESS

61. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62. All actions by Defendant were willful and not the result of mistake or inadvertence.

63. Defendant knew or should have known that the FLSA applied to the operation of its business at all relevant times.

64. Despite being on notice of its violations, Defendant chose to continue its policies and practices described above which resulted in Plaintiff and other members of the proposed collective class working overtime hours for which they were not properly compensated.

65. Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendant about the unlawfulness of Defendant's manner of payment and policies related to improper payment procedures.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Grace Dorosz, individually on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and answer and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.	A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

C.	Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.	Judgment for damages for all unpaid minimum wage and overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

E.	Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiff and the collective members during the applicable statutory period;

F.	An order directing Defendant to pay Plaintiff and the collective pre-judgment interest, reasonable attorney's fees and costs connected with this action; and

G.	Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**GRACE DOROSZ, Individually and On Behalf of All Those Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com